IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BARBARA INDIO,

                Plaintiff,

v.                                               1:10-cv-00295 JRG DLB

WYETH, INC., et al.,

                Defendants.

**ORDER**

I have received the parties' stipulation to adjourn trial and pre-trial deadlines and request for continuance of scheduling conference [Dckt. 64]. The court construes this as a motion to adjourn deadlines and for continuance of the scheduling conference.

Ms. Indio was a joint plaintiff in a menopausal hormone replacement therapy civil action originally filed in 2004. The civil action was transferred by the Judicial Panel on Multidistrict Litigation to MDL 1507 where it remained for approximately five years. On January 20, 2010, the MDL court severed this plaintiff before remand, necessitating the filing of a separate complaint. The plaintiff filed her individual complaint on February 19, 2010. An amended complaint was filed on April 26, 2010. The court entered a scheduling order on June 29, 2010. Numerous motions to extend the deadlines of the scheduling order have been granted.

The parties state in their stipulation that they have agreed in principle to settle this case and that a Master Settlement Agreement has been executed. They assert, however, that they "need at least several additional months to finalize the settlement in its entirety." (Mot. at 2). They request

the court remove the case from the active caseload and that all deadlines, including today's scheduling conference, be taken off of the calendar. The order scheduling today's conference was entered on December 6, 2011. Counsel filed the present motion to adjourn deadlines on December 8, 2011, and it was received by me after the close of business.

Rule 1 of the Federal Rules of Civil Procedure states "[the rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." While the parties assert the judge previously presiding over this matter agreed to put off all dates pending finalization of the settlement, the reality is that the parties have had more than adequate time to resolve this case. It has been pending for over seven years and was remanded nearly two years ago. If the parties wish to settle then they should settle; otherwise this case is moving forward with the other HRT civil actions reassigned to me. Accordingly, the motion is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   December 9, 2011

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE